REQUESTED BY: Dear Senator:
You have asked whether the following amendment to LR 152 would constitute a legal ratification. This amendment provides as follows:
 "3. An application for a convention made under this resolution shall be conditioned on (1) Congress establishing clear procedures for such convention including a limitation of the convention to the subject matter contained within this resolution and (2) provision that if such convention departs from the subject matter of this resolution that the convention be immediately dissolved."
It is not completely clear what you mean by the phrase `constitute a legal ratification.' In responding to your question, we are therefore assuming that you are inquiring about the legal effect of the language in the aforementioned amendment which purports to restrict the subject matter to be considered by a constitutional convention.
Under Article V of the United States Constitution, on the application of two-thirds of the Legislatures of the several states, Congress must call a convention for the purpose of proposing amendments. Article V also requires Congress to submit proposed amendments to the states and to determine the mode of ratification.
Beyond this expressed grant of authority, the Constitution is, as some scholars have put it, tantalizingly vague. The exact extent of congressional authority in this amendment process has never been determined. Constitutional scholars have long debated this subject but many question still remain unanswered.
What is clear, however, is that the role of the state Legislature, while certainly important, is subject to the intervening and paramount authority of Congress. Congress must determine the validity of petitions from the states, in deciding whether or not sufficient applications exist to call a constitutional convention; and then must perform the affirmative act of actually calling the convention.
The United States Supreme Court in Dillon v. Gloss,256 U.S. 368 (1921), discussed the powers of Congress in the amendment process, in holding that Congress was authorized to impose time limits upon the ratification process. The court there recognized the close relationship between the principal congressional power conferred under Article V and the supporting or ancillary powers, conferred under the necessary and proper clause, to execute the principal power. These ancillary powers, many constitutional scholars contend, apply not only to the procedural functions such as calling the convention, but also extend to the vital function of determining the ultimate scope of the convention.
In answer to your question of what legal effect the language in the aforementioned amendment to LR 152 will have, it simply is not clear. Congress may within its discretion choose to ignore the limitations imposed by LR 152 or they may choose to try to restrict the subject matter that the convention may consider once called. If that method of restriction fails, Congress might also refuse to submit for ratification, any proposed amendments that deal with any other issues.
Since there has never been a constitutional convention under Article V, there exists no precedence to suggest solutions to the many problems. Likewise, there are no Supreme Court cases directly on point, and very few on the amendment process generally.
In conclusion, the only answer we can give you is that the effect of the language in LR 152 will be determined by Congress and possibly the federal courts as the occasion presents itself. The Legislatures of the several states petitioning Congress for a constitutional convention may not therefore dictate the terms of the convention subsequently called and expect these restrictions to be enforced with any certainty.